**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RONALD E. HARDING, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 10-CV-679-GKF-PJC |
| ) | |
| TRACY McCOLLUM, Warden,[1] ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state prisoner appearing pro se. Respondent filed a response (Dkt. # 9) to the petition and provided the transcripts (Dkt. # 11) for the Court's use in evaluating Petitioner's claims. Petitioner filed a reply (Dkt. # 14). For the reasons discussed below, the Court denies the habeas petition.

*BACKGROUND*

Pursuant to 28 U.S.C. § 2254(e)(1), the historical facts found by the state court are presumed correct. Though Petitioner disputes the facts determined by the state court, Petitioner has the burden of "rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Petitioner has failed to carry his burden. Therefore, following review of the record, including the trial transcripts, the Court finds that the following factual summary by the OCCA is adequate and accurate. Therefore, the Court adopts the OCCA's summary as its own:

---

[1]   On August 3, 2012, the Clerk of Court received a Notice of Change of Address from Petitioner. See Dkt. # 15. Petitioner notified the Court that he is in custody at the Oklahoma State Reformatory (OSR) in Granite, Oklahoma. Pursuant to Rule 2(a), Rules Governing Section 2254 Cases, Tracy McCollum, Warden of OSR, is the proper respondent. Therefore, pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Tracy McCollum, Warden, is hereby substituted as the respondent in this case. The Court Clerk shall be directed to note such substitution on the record.

> On September 25, 2007, two Tulsa County drug task force officers went to Harding's Tulsa home around 8:30 a.m. to execute an arrest warrant for David Gilliam for a drug crime. Deputy Ramsey knocked on the door, and Leon Alford, Harding's cousin and roommate, answered. Ramsey's partner, Officer Rhames, joined him to talk with Alford after making certain that no one was trying to escape. Alford told the officers that Gilliam had left the night before and was not there. Deputy Ramsey asked Alford if they could check inside the home for Gilliam, and Alford consented. The officers did not find Gilliam but found a 17-year-old girl named Star Cates hiding in one of the bedrooms. A records check revealed that she had an outstanding warrant. The officers met Harding coming out of the bathroom.
>
> The officers saw in plain view a large amount of cash on the coffee table, prompting them to ask Harding for permission to search his home. Harding replied "I have nothing to hide, go ahead and look." The officers handcuffed the three occupants for safety reasons before searching. Ramsey testified that he went into the southeast bedroom, opened a coffee can, and found money and hundreds of small plastic baggies that he associated with the distribution of drugs. It was then that Harding told Ramsey that he did not want him to search anymore and Ramsey stopped searching. Ramsey read Harding his rights and Harding told Ramsey that he understood them. Ramsey then informed Harding that he was going to get a search warrant and asked if he had "any more drugs in the house." Harding volunteered that he had some for personal use and showed Ramsey a small tray under a table in a bedroom with rocks of crack cocaine on it. Ramsey arrested Harding.
>
> Officer Rhames testified that he watched Alford, Cates, and Harding in the living room while Ramsey was searching. At some point, Harding, who was wearing only shorts, asked Rhames to get his work jeans on his hamper in the bedroom. Rhames complied with the request. Harding then asked for his work shirt on the same hamper. When Rhames picked up the shirt a plastic bag containing 24.78 grams of crack cocaine fell onto the floor. Rhames returned and asked Harding if that was the shirt he wanted. Harding replied, "Yeah I just wanted to get it over with."

(Dkt. # 9-4 at 1-3). As a result of those events, Petitioner was tried by jury in Tulsa County District Court, Case No. CF-2007-5117, and found guilty of Trafficking in Illegal Drugs, After Former Conviction of Two or More Felonies (Count 1) and Unlawful Possession of Drug Paraphernalia (Count 2). In accordance with the jury's recommendation, the trial judge sentenced Petitioner to life imprisonment without the possibility of parole and a $50,000 fine for Count 1, and a $500 fine for Count 2. (Dkt. # 11-2 at 101-104). Petitioner was represented at trial by attorney James C. Linger.

Following his conviction, Petitioner filed a direct appeal to the Oklahoma Court of Criminal Appeals (OCCA). Continuing to be represented by attorney Linger, he raised two (2) propositions of error, as follows:

> Proposition I: The trial court erred in failing to suppress the search of Mr. Harding's house because said search was illegal in that there was no probable cause, no consent to search, and no search warrant at the time the search was conducted
>
> Proposition II: The evidence seized and admitted over Mr. Harding's objection was fruit of the poisonous tree of an illegal search and should have been suppressed, not admitted into evidence, and the case dismissed

(Dkt. # 9-1). On October 20, 2009, in an unpublished Opinion filed in Case No. F-2008-610, the OCCA affirmed the judgment and sentence. (Dkt. # 9-4). Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, nor did he seek post-conviction relief in the state courts.

Petitioner timely filed his habeas petition on November 29, 2010. (Dkt. # 3). He identified two (2) grounds of error, as follows:

> Ground I: The trial court erred in failing to suppress the search of Mr. Harding's house because said search was illegal in that there was no probable cause, no consent to search, and no search warrant at the time the search was conducted
>
> Ground II: The evidence seized and admitted over Harding's objection was fruit of the poisonous tree of an illegal search and should have been suppressed, not admitted into evidence and the case dismissed

(Dkt. # 3). In response to Grounds I and II, Respondent argues that "Petitioner had a full and fair opportunity to litigate his motion to suppress in the state courts, [and] he cannot raise these issues in a federal habeas corpus petition" because they are "barred by the doctrine of Stone v. Powell." (Dkt. # 9 at 3, 6).

***ANALYSIS***

3

A.     **Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b), (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the OCCA on direct appeal. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

B.     **Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In affirming the trial court's judgment and sentence, the OCCA

adjudicated the issues raised in the habeas petition. Thus, this Court shall review those grounds under § 2254(d).

In both of his propositions of error, Petitioner alleges that the trial court erred in admitting the evidence gathered in the search of Petitioner's house over his objections, thereby violating his rights under the Fourth Amendment. See Dkt. # 3. Petitioner claims that the evidence seized from his house "was fruit of the poisonous tree" as a result of an illegal search. Id. at 6. Therefore, he argues that the trial court should have suppressed the evidence. Id. at 4. After examination of the factual findings by the trial court and a review of the testimony and evidence presented, the OCCA denied relief. (Dkt. # 9-4). The OCCA found the initial entry into the home reasonable because "[t]he evidence established that [Mr.] Alford shared authority over the premises" when he granted consent for entry and a search for Mr. Gilliam. Id. at 4-5. Second, a search that "resulted in the seizure of plastic baggies and money from a coffee can" was also reasonable because Petitioner had consented to the search of the bedroom where the coffee can was discovered. Id. at 5. Next, the OCCA determined the discovery of the tray with cocaine was the result of a confession by Petitioner that led Officer Ramsey to the drugs. Id. at 5-6. Finally, the seizure of the crack cocaine from Petitioner's shirt was reasonable because Petitioner had asked Officer Rhames to get his shirt and the bag containing the crack cocaine "fell out of the shirt and onto the floor . . . in the plain view of Officer Rhames." Id. at 6.

Respondent argues that Stone v. Powell, 428 U.S. 465 (1976), governs this case and bars Petitioner's claims from habeas review in federal courts. (Dkt. # 9 at 6). Petitioner disagrees, arguing that Stone requires an opportunity in state courts for a "full and fair litigation of a Fourth Amendment claim." (Dkt. # 14). He argues that he did not receive "a 'full and fair opportunity' to

litigation" because the trial judge decided "Petitioner's two witnesses . . . were incredible [and this] amounted to an abuse of discretion." Id. at 1. Petitioner alleges that the decision by the trial court "was the result of a biased review of the facts presented." Id. at 4.

Supreme Court precedent precludes consideration of Petitioner's claims by this Court. In Stone v. Powell, the Supreme Court stated that where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial. The Tenth Circuit has reiterated that a federal habeas corpus court may not overturn a state criminal conviction because of a violation of the Fourth Amendment if the petitioner had a full and fair opportunity to litigate the claim. Matthews v. Workman, 577 F.3d 1175, 1194 (10th Cir. 2009); Brown v. Sirmons, 515 F.3d 1072, 1082 (10th Cir. 2008); Miranda v. Cooper, 967 F.2d 392, 401 (10th Cir. 1992); Gamble v. Oklahoma, 583 F.2d 1161, 1165 (10th Cir. 1978).

In this case, the record demonstrates that the state courts granted Petitioner a full and fair opportunity to litigate his Fourth Amendment claim based on his allegation that the search of his house and seizure of evidence was conducted without probable cause, without consent, and without a search warrant. On October 26, 2007, prior to his trial, Petitioner filed a motion to suppress evidence and dismiss the case. (Dkt. # 11-2, O.R. at 23-25). That same day, the trial court held the preliminary hearing, at which it considered the motion to suppress and Petitioner's demurrer to the evidence. (Dkt. # 11, Tr. Prelim. H'rg at 3). The trial court denied the demurrer. Id. at 24. On December 18, 2007, Petitioner filed a second motion to suppress the evidence, quash information and dismiss the case. (Dkt. # 11-2, O.R. at 32-34). On May 19, 2008, Petitioner filed a renewed

motion to suppress evidence and request for hearing prior to trial. Id. at 53-55. Petitioner's trial began on May 20, 2008.

At trial, during the testimony of Officer Rhames, Petitioner's counsel objected to the admission of the plastic bag containing the 24.78 grams of cocaine. (Dkt. # 11-1, Tr. Jury Trial at 124-125). During a bench conference, held outside the hearing of the jury, Petitioner's counsel reminded the trial judge that he had filed a "renewed motion to suppress and asked that there be a hearing prior to trial, but, of course, you said you would take it up during the trial." Id. at 125. The judge responded, "[w]e have a court rule that requires you to file your evidentiary motions not on the date of trial." Id. The trial judge sustained defense counsel's objection based on the State's failure to establish the chain of custody, but not on the basis of the motion to suppress. Id. After testimony by additional witnesses, Petitioner's counsel raised a second objection to admission of the evidence based on improper chain of custody and an illegal search, id. at 156. However, the objection was overruled "on all counts," id. at 157, and the evidence admitted.

After both parties rested and prior to the issuance of jury instructions, the trial court held a hearing on Petitioner's demurrer and motions to suppress and for a directed verdict. Id. at 206. At this hearing, Petitioner's counsel argued that the search was conducted without a search warrant and without Petitioner's consent. Id. at 207. Counsel acknowledged that "there is a record in the file of a search warrant, but . . . that they did all this search and anything they found [was] before they even had a search warrant." Id. at 207-08. The trial judge again stated that the renewed motion was not timely filed and that "after examining [the] testimony [of Petitioner's witnesses] and the circumstances of their testimony, I choose not to accept their account of what happened." Id. at 208. Additionally, the trial court concluded "the drugs in question . . . were ones that really weren't found

7

as a result of a search. They were found as a result of . . . Mr. Harding [having] asked to be given clothing and when he did that, that's when that particular set of drugs was found." Id. at 209. The court denied the motion to suppress. Id. In addition, as discussed above, Petitioner also raised his Fourth Amendment claim on direct appeal. See Dkt. # 9-4. The OCCA denied relief. Id.

Based on the record, the Court finds that Petitioner had a full and fair opportunity to litigate in the state courts his Fourth Amendment claim based on an allegedly unconstitutional search and seizure. As a result, this Court is precluded from considering the Fourth Amendment issue raised in Petitioner's petition for a writ of habeas corpus by the holding of Stone, 428 U.S. at 494. See also Gamble v. State, 583 F.2d 1161, 1165 (10th Cir. 1978) (opportunity for full and fair litigation in state court under Stone v. Powell includes, but is not limited to, the procedural opportunity to raise or otherwise present a Fourth Amendment claim). For that reason, the Court concludes that Petitioner's request for habeas relief premised on a violation of the Fourth Amendment shall be denied.

## C. Certificate of appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's denial of relief on a procedural basis is debatable or incorrect. See id.; see also Wilson v. Jones, 2013 WL 6017406 (10th Cir. Nov. 14, 2013) (unpublished).[2] The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall substitute Tracy McCollum, Warden, in place of Jane Standifird, Warden, as party respondent.

2. The petition for a writ of habeas corpus (Dkt. # 3) is **denied**.

3. A certificate of appealability is **denied**.

---

[2]   This unpublished opinion is cited for persuasive value. See 10th Cir. R. 32.1(A).

4.      A separate Judgment shall be entered in this case.

Dated this 17th day of December, 2013.

```
                              GREGORY K. FRIZZELL, CHIEF JUDGE
                              UNITED STATES DISTRICT COURT
```